## OTTO BAUR *vs.* TOWN COUNCIL OF NARRAGANSETT.

### NOVEMBER 17, 1916.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Certiorari.*

In *certiorari* the court will not consider the evidence in the matter sought to be reviewed, for the purpose of passing upon the preponderance of the evidence or reviewing the findings of fact, but ordinarily will consider the evidence below for no purpose except to determine whether the inferior tribunal had jurisdiction in the premises, or whether there was any competent evidence before it to support its findings, or whether its rulings upon the admission of evidence were correct, when the circumstances appear to require a review of such rulings.

*(2)   Certiorari.   Intoxicating Liquors.   Revocation of Licence.*

Under Gen. Laws, 1909, cap. 123, § 12, relative to revocation of a license for the sale of intoxicating liquors for certain causes, it is immaterial whether the licensee is summoned before the town council because of facts which have come to the knowledge of the council through their own investigation, or through charges made by others.   If the licensee is duly summoned and informed of the charges against him a legal basis is furnished for the proceedings before the council.

*(3)   Certiorari.   Intoxicating Liquors.   Charges.*

A complaint against a licensed liquor dealer charging him with permitting and allowing unlawful games of chance to be carried on in the licensed premises, during the term of the license, without specifying the particular days, is sufficient where accused went to hearing without objection or a request for specification as to the time.

*(4)   Certiorari.   Intoxicating Liquors.   Charges.*

A license to sell intoxicating liquors shall be revoked if during its term, the licensee shall permit the laws of the State to be violated in the licensed premises, although such violation occurs on a Sunday or on some other day when by law he is prohibited from selling under his license.

CERTIORARI.  Heard and writ dismissed.

SWEETLAND, J.  This is a petition for a writ of *certiorari* to be directed to the Town Council of Narragansett, ordering said council to certify for our inspection its record relating to the revocation of a certain license to sell intoxicating liquors in the town of Narragansett heretofore granted to the petitioner; to the end that so much of said record as is illegal may be quashed.  A writ of *certiorari* has been issued as prayed for, and said record has been certified to us.

It appears by said record that on September 4, 1916, the petitioner was a person licensed to sell spirituous and intoxicating liquors at a certain building or place in said town; that on September 4, 1916, one John A. Mulligan, a police constable of said Narragansett, filed with said town council a complaint against the petitioner, charging that said petitioner did permit and allow unlawful games of chance to be carried on in the place wherein he was licensed to sell intoxicating liquors; and also that on August 6, 1916, the petitioner did allow and permit the laws of the State to be violated in said place by committing therein a wilful and unlawful assault upon the body of one Louis Petrus.  Said Mulligan also prayed that the license of said Otto Baur be revoked.  It further appears by said record that the town council of Narragansett duly notified the petitioner herein to appear before it on September 8, 1916, to answer the charges contained in said complaint of John A. Mulligan, and to show cause why his said license should not be revoked; that on said last named day before said town council the petitioner appeared with counsel; that testimony was introduced for and against the complaint; and that after hearing said testimony and argument in favor of Otto Baur, said town council caused the following entry to be made upon its records:  "Upon consideration thereof it is Ordered, Adjudged, and Decreed as follows, viz.:—  (1) that the said complaint is well founded; (2) that the charges alleged in substantiation of said complaint are well and truly proven;

(3) that by reason of the said premises and of the provisions of Chapter 123 of the General Laws of the State of Rhode Island, the said liquor license issued to the said Otto Baur granting unto him authority to sell intoxicating liquors under the provisions of said Chapter 123 of General Laws of Rhode Island, at the place of business now conducted by him to wit, that certain building situate on Beach street, so-called, in said Narragansett, at the intersection of said Beach street with Yost avenue, so-called, be and the same is hereby revoked, annulled and cancelled."

In his argument counsel for the petitioner contends that the testimony before said town council was insufficient to warrant its findings that the complaint against the petitioner was well founded, and that the charges alleged in the complaint were well and truly proven. In his petition for the writ of *certiorari* the petitioner has set forth what he claims is a general statement of the evidence introduced at the hearing before said town council. A transcript of the evidence was not sent up with the record. It does not appear that the testimony was reported or that a transcript of the evidence can now be made. The respondent disputes the correctness of the general statement of the evidence contained in the petition. If, however, a transcript of the evidence was before us, we could not in this proceeding consider it for the purpose of passing upon the preponderance of evidence or reviewing the findings of fact made by said town council. Ordinarily in *certiorari* we will consider the evidence given below for no purpose except to determine whether the inferior tribunal had jurisdiction in the premises, or whether there was any competent evidence before it to support its findings, or whether its rulings upon the admission of evidence were correct, when the circumstances appear to require a review of such rulings. In *McCarthy* v. *Aldermen*, 38 R. I. 385, the former decisions of this court upon the subject are fully reviewed.

The petitioner also contends that the proceedings before said town council are void and the record should be quashed

on the ground that the council did not proceed upon its own motion, but upon the complaint of said Mulligan which was signed in his behalf by his attorney. There is no force in this contention. Section 12, Chapter 123, Gen. Laws, 1909, among other things, provides that if any person licensed to sell intoxicating liquors shall permit any gambling or unlawful gaming to be carried on in the house or place where (2) he is licensed to sell such liquor or shall permit any of the laws of the State to be violated therein he may be summoned before the town council when he and the witnesses for and against him may be heard; and if said town council is satisfied that he has permitted said things to be done in said house or place the town council shall revoke his license. It is immaterial whether the licensee is summoned before the town council because of facts which have come to the knowledge of the council through their own investigation or through charges made by others. If the licensee is duly summoned and informed of the charges against him, as was done in this case, a legal basis is furnished for the proceedings before the council.

The petitioner claims that the proceedings are invalid so far as they relate to the first charge made against him because it is not specified therein on what day or days he permitted unlawful games of chance for a money consideration to be (3) carried on in the place wherein he was licensed to sell intoxicating liquors. The charge sufficiently alleges that he permitted unlawful gaming to be carried on in said place during the term of the license, which under the statute is ground for revoking the same. He went to hearing before the town council without objection or a request for specification as to the time of the offence charged. He cannot now be heard to object to the proceedings on the ground that the date of the alleged unlawful gaming was not set forth.

(4)  The petitioner contends that the second charge does not present a ground for revoking his license because the sixth day of August, 1916, upon which it is alleged that he permitted the laws of the State to be violated in said place, was

a Sunday and under the statute he was not permitted to sell intoxicating liquors in said place on a Sunday. This contention of the petitioner is not sound. It is within the language of the statute, and it seems to us to be within its intent, that a license to sell intoxicating liquors in a certain place shall be revoked if during the term of the license the licensee shall permit the laws of the State to be violated in that place, even though such violation occurs on a Sunday or on some other day when by law he is prohibited from selling intoxicating liquors under his license.

The writ of *certiorari* is dismissed. The action of the town council of Narragansett in the premises is affirmed.

*Joseph C. Cawley*, for petitioner.

*Frederick C. Olney*, for respondent.